IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROBIN L. COMPO,

        Plaintiff,
    v.                                        Civil Action No.
                                              7:15-CV-0310 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

CONBOY, McKAY LAW FIRM        LAWRENCE D. HASSELER, ESQ.
Carthage Office
307 State Street
Carthage, New York 13619

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     ELIZABETH D. ROTHSTEIN, ESQ.
United States Attorney                 Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on January 20, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: January 27, 2016
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
ROBIN L. COMPO,

                         Plaintiff,

vs.                                 15-CV-310

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------x
```

*DECISION* – January 20, 2016

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      CONBOY, MCKAY LAW FIRM
                    Attorneys at Law
                    307 State Street
                    Carthage, New York 13619
                      BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  ELIZABETH D. ROTHSTEIN, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1          THE COURT: All right. I'll have to let that be
2   the last word. I have before me a request for judicial
3   review of an adverse determination by the Acting Commissioner
4   of Social Security pursuant to 42, United States Code,
5   Section 405(g). The background associated with this matter
6   is as follows.
7          The plaintiff was born in September of 1965. She's
8   currently 50 years old. She was 45 years old at the time of
9   the first hearing in this matter. She is somewhere between
10  5-foot-5 and 5-foot-6 inches in height, and her weight has
11  varied from 208 to 217 pounds, according to the record. She
12  lives at home with her husband and son, or at least did at
13  the time of the first hearing. Her son I think at that time
14  was 19 years old. They live in a two-story home.
15         She is a high school graduate. She took BOCES
16  courses in cosmetology, although did not practice in that
17  area. She's right-handed. She drives. She last worked in
18  August of 2009 in a position as a cook and supervisor in a
19  nursing home. She held that position for some five years.
20  It involves significant lifting and standing. She has also
21  been a cook and/or waitress in a variety of other settings,
22  including in a restaurant, in a common store of a psychiatric
23  center, and a cafe, and a college book store. She worked ten
24  years in a cheese factory and was a palletizer.
25         She has issues, medical issues, including in her

lower back where she experiences pain. She has right shoulder pain with an AC impingement and arthritis. She suffers from chronic pain, fatigue and numbness. She has been diagnosed, among other things, as suffering from fibromyalgia by more than one treating source. She has also been diagnosed as suffering from degenerative disc disease. She has moderate bulging discs at the T1-T2 level as well as in the lumbar area. She has treated at the Veterans Administration North Country Orthopedics with Dr. Howard Huang and Dr. David Van Eenenaam, and at Ogdensburg Family Practice with Nurse Practitioner Blackburn, as well as Dr. Chris Comeau and Dr. J. Williams.

She has tried various regimens in order to address her pain, including injections, aqua therapy and physical therapy. She has been prescribed a variety of prescription medications, including Lyrica, Celebrex, Darvocet, Amitriptyline, Oxycodone, Flexural and Savella.

Procedurally she applied for Disability Insurance Benefits on December 9, 2009, alleging an onset date of August 6, 2011. A hearing was conducted by Administrative Law Judge Bruce Fein on August 10, 2011. ALJ Fein issued a decision that was unfavorable on October 20, 2011. That decision, however, was vacated and the matter remanded by the Social Security Administration Appeals Council on November 7, 2012.

1	        A second hearing was conducted on July 10, 2013 at
2	which the plaintiff testified.  That hearing was continued on
3	November 1, 2013 for the purpose of eliciting vocational
4	expert testimony.  ALJ Fein rendered a decision on
5	January 13, 2014, again unfavorable to the plaintiff.  The
6	Appeals Council denied review on January 30, 2015, making the
7	determination of the Administrative Law Judge a final
8	determination of the Agency.
9	        Briefly, the Administrative Law Judge, he made the
10	well-accepted five-step progressive analysis for determining
11	disability after finding that she had insured status through
12	March 31, 2015.  He concluded that she had not engaged in
13	substantial gainful activity beyond the alleged onset date.
14	He concluded that she suffers from severe, at step two,
15	conditions, including osteoarthritis, degenerative disc
16	disease of the lumbar and thoracic spine, right shoulder
17	impingement and fibromyalgia.  He concluded, however, at step
18	three that those conditions do not either singly or in
19	combination meet or equal any of the listed presumptively
20	disabling conditions.
21	        After surveying the medical evidence and setting
22	forth his reasoning for his analysis and the medical evidence
23	that he relied upon and found most persuasive, ALJ Fein
24	concluded, and I'll summarize, that the plaintiff can perform
25	most of the functions of light work.  There was some

limitation, including only occasionally reaching overhead with her right dominant arm.

He then concluded with the assistance of the testimony of a vocational expert that plaintiff can perform her past relevant work as a waitress, short-order cook and sales attendant, and therefore concluded that she was not disabled at the relevant times.

As you know, my task is limited to determining whether correct legal principles were applied and the determination supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. And I note that it is entirely -- well, two things. First, what I would decide if I were confronting this issue in this record is not relevant. And secondly, it is entirely possible and in many cases one could conclude that a finding of disability or a finding of no disability would both be supported by substantial evidence. In other words, the fact that one conclusion is supported by substantial evidence is not mutually exclusive with a finding that the other is supported by substantial evidence.

In this case obviously the decision hinges on what medical source statements and treatment records are to be given weight. The Administrative Law Judge discounted the three opinions given by Nurse Practitioner Blackburn and

1  signed off on by -- well, the first was given by
2  Dr. Williams, the second and third were given by Nurse
3  Practitioner Blackburn and signed off by Drs. Williams and
4  Comeau; 7F, 21F and 25F.  One of the issues that the Appeals
5  Council identified in the first decision was the need to
6  explain what treatment records were inconsistent with those
7  treating sources.
8  　　　　　The Administrative Law Judge at pages 15 and 16
9  goes through the basis for the rejection of -- I'm sorry, on
10 page 17 goes through the evidence that supports the rejection
11 of those medical treating source statements.  There are many,
12 many treatment records which I have reviewed carefully.
13 There are many X-rays, MRI studies, nerve conduction studies,
14 and treatment records at various places, including the
15 Veterans Administration, that are inconsistent with or do not
16 support the findings of Nurse Practitioner Blackburn and
17 Drs. Comeau and Williams.  So, I find that the rejection of
18 those treating source statements as being unduly limited is
19 supported by substantial evidence.
20 　　　　　The ALJ's decision is well supported by the
21 findings of Dr. Rivera, Dr. Powell and Dr. Van Eenenaam, who
22 are orthopedic treating sources, and the Veterans
23 Administration, including Dr. Mansuri and Dr. Dunn, as well
24 as MRIs and the findings of Dr. Plotz.  And I disagree with,
25 respectfully, the argument that if any portion of Dr. Plotz'

1  decision is rejected, then the decision cannot factor into
2  the substantial evidence equation.
3  　　　So, there is clearly conflicting evidence in this
4  case.  The Administrative Law Judge specifically concluded
5  that he gave some weight to the treating orthopedic source
6  statements, less weight to treating source statements, Nurse
7  Practitioner Blackburn and the two doctors, no weight to
8  Workers' Compensation statements which opined on matters
9  reserved to the Commissioner.  He looked at daily activities
10 and he looked at treatment records.
11 　　　I find that his residual functional capacity
12 determination is supported by substantial evidence.  At step
13 four he applied that RFC, the plaintiff bearing the burden of
14 demonstrating that she cannot with that RFC perform in her
15 past relevant positions, either as they were performed by her
16 or as they're performed in the national economy, and there
17 was simply nothing offered to substantiate that.
18 　　　So, I conclude that the Commissioner's
19 determination resulted from the application of proper legal
20 principles and is supported by substantial evidence, and I
21 will grant judgment on the pleadings to the Commissioner and
22 dismiss plaintiff's complaint.  I appreciate the excellent
23 arguments.  It was an interesting case and look forward to
24 working with you both in the future.  Thank you.
25 　　　　　　*　　　　　　　*　　　　　　　*

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                                     */s/ Eileen McDonough*
                                EILEEN MCDONOUGH, RPR, CRR
                                Federal Official Court Reporter